

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Jacqueline Bell, as personal representative of the Estate of DeMarco Bruce Bell, Jr.

_____
                                                    Plaintiff
                        vs.

                                                    Case Number   2018 CA 000193 B

Washington Metropolitan Area Transit Authority (a/k/a/ WMATA)
_____
                                                    Defendant

## SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

**Douglas K. Allston, Jr.**
_____
Name of Plaintiff's Attorney                        Clerk of the Court

**7474 Greenway Center Drive, Suite 150**
_____   By _____
Address                                                        Deputy Clerk
Greenbelt, MD  20770

**301-220-1341**
_____   Date   **01/10/2018**
Telephone
如需翻译, 请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역이 필요하시면, (202) 879-4828로 전화주십시오    [Amharic text] (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                          Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                    Demandante

        contra

_____            Número de Caso: _____
                                    Demandado

### CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                        *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                        Por: _____
_____                          Subsecretario
Dirección

_____

                                        Fecha _____
Teléfono
如需翻譯,請打電話 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bản dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828 로 연락하십시오.    የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

    Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedirayuda al respecto.

                    Vea al dorso el original en inglés
                    See reverse side for English original

CV-3110 [Rev. June 2017]                                    Super. Ct. Civ. R. 4



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

ESTATE OF DEMARCO BRUCE BELL JR
Vs.                                                       C.A. No.      2018 CA 000193 B
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge BRIAN F HOLEMAN
Date:   January 10, 2018
Initial Conference: 9:30 am, Friday, April 13, 2018
Location:  Courtroom 516
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

CAIO-60

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Jacqueline Best as personal representative of the Estate of DeMarco Bruce Best, Jr

Case Number: __2018 CA 000193 B__

vs

Date: 01/09/18

Washington Metropolitan Area Transit Authority

☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* Douglas K. Allston, Jr. | Relationship to Lawsuit |
|---|---|
| Firm Name: Allston & Associates | ☐ Attorney for Plaintiff |
| Telephone No.:  Six digit Unified Bar No.: (301) 220-1341   485920 | ☐ Self (Pro Se)  ☐ Other: |

TYPE OF CASE: ☐ Non-Jury   ☑ 6 Person Jury   ☐ 12 Person Jury
Demand: $ 1,000,000.00   Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____   Judge: _____   Calendar #: _____

Case No.: _____   Judge: _____   Calendar#: _____

---

NATURE OF SUIT:   *(Check One Box Only)*

## A. CONTRACTS

COLLECTION CASES

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
   Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
   Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
   Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
   Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
   Under $25,000 Consent Denied

## B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

## C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (including Wrongful Death)
☑ 16 Negligence- (Not Automobile, Not Malpractice)

☑ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE   IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants
  (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment

- [ ] 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

**II.**

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
  Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- [ ] 21 Petition for Subpoena
  [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

**D. REAL PROPERTY**

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)

- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

_____
Date
1/9/18

Filed
D.C. Superior Court
01/09/2018 15:03PM
Clerk of the Court

## IN THE SUPERIOUR COURT FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

JACQUELINE BELL, as personal representative    :
of the Estate of DEMARCO BRUCE BELL, JR.
10407 Slocum Court                      :
Clinton, MD 20735

                                    :
        Plaintiff,

                                    :      Case No.: 2018 CA 000193 B

v.                                 :

WASHINGTON METROPOLITAN AREA    :
  TRANSIT AUTHORITY (a/k/a "WMATA")
600 Fifth Street, NW                 :
Washington, DC 20001

SERVE:    Patricia Lee, Esquire        :
              General Counsel's Office
              WMATA                :
              600 Fifth Street, NW
              Washington, DC 20001      :

      Defendant.                     :

### COMPLAINT

    Comes now the Plaintiff, Jacqueline Bell, as personal representative of the Estate of

DeMarco Bruce Bell, Jr., by and through her attorneys, Douglas K. Allston, Jr., and ALLSTON &

ASSOCIATES, and sues the Defendant and for reasons state as follows:

### PARTIES AND JURISDICTION

1.    Plaintiff, Jacqueline Bell is an individual who resides at the above address.

2.    Defendant WMATA, a common carrier, is a public transportation entity

authorized to do and which does business in the District of Columbia. Defendant WMATA

maintains its principle place of business at the above address.

3.    This Court has subject matter jurisdiction over this action pursuant to § 11-921

of the D.C. Code in that the matters alleged herein occurred in the District of Columbia.

4.      This Court has personal jurisdiction over Defendant WMATA pursuant to § 13-422 and § 13-423 of the D.C. Code in that Defendant WMATA transacts business in the District of Columbia and caused a tortuous injury in the District of Columbia by act and/or omission.

## FACTUAL ALLEGATIONS

5.      Defendant, WMATA was created when Congress approved the Washington Metropolitan Area Transit Authority Compact ("WMATA Compact"), D.C. Code §§9-1107.01 et seq., which was signed by the District of Columbia, Maryland, and Virginia.

6.      By the express terms of the WMATA Compact that created it, WMATA is liable for its negligent acts and/or omissions and those of its Directors, officers, employees, and agents committed in the conduct of any proprietary function.  D.C. Code § 9-1107.01(80).  The provision of passenger transportation through the Metro rail system is a proprietary function pursuant to the WMATA Compact.

7.      On the afternoon of January 12, 2015, Mr. Bell was a passenger on a WMATA Train ("Train") traveling on the Yellow line toward Huntington, Virginia, with over two hundred passengers on board.  The Train was owned and operated by Defendant WMATA.

8.      At approximately 3:15 p.m. several hundred feet after having left the L'Enfant Plaza station, the Train encountered dense smoke in the tunnel and came to an abrupt halt.

9.      At all times relevant herein, smoke emanated from the tracks, and/or subway tunnel and filled the Train, causing passengers of the Train to inhale the smoke and its contents.

10.     At all times relevant herein, due to the volume and density of the smoke, passengers aboard the following train stopped just north of the subject Train ("the following train"), along with persons on the L'Enfant Plaza Metro station platform, were also exposed to and forced to inhale the smoke and its contents.

11.     Upon information and belief, a circuit breaker tripped on the third rail (the conductor running alongside the train tracks that supplies high-voltage electric power to Metro

trains) of that section of track approximately ten minutes beforehand, but it went uninvestigated by WMATA.

12.     The Train became disabled in the tunnel, without power and illuminated by emergency lighting only.

13.     Passengers on the Train were instructed to remain calm, to stay on the train, and to keep the doors closed, since they would be returning to the L'Enfant Plaza station in short order. These instructions were to be repeated throughout the passengers' ordeal.

14.     At approximately 3:16 p.m., WMATA Operations Control Center attempted to activate ventilation fans to evacuate the smoke from the relevant section of tunnel. Upon information and belief, the fans failed to achieve their objective due to their failure to activate, their activation in the wrong direction, or some other cause.

15.     According to the National Transportation Safety Board's Preliminary Report on the incident, released January 16, 2015, the smoke in the tunnel was caused by "severe electrical arcing" from the third rail approximately 1,100 fee ahead of where the Train stopped. Photos taken by NTSB investigators reveal the severity of the damage done by the arcing.

16.     At approximately 3:18 p.m., the District of Columbia Office of Unified Communications ("OUC") received a 911 call from construction workers reporting smoke emanating from a Metro ventilation shaft located at 9th Street and Main Avenue SW, roughly a half-mile south of the train's location.

17.     At approximately 3:22 p.m., OUC received a 911 call from WMATA Supervisor of Metro Rail Unit 22 reporting heavy smoke in the L'Enfant Plaza station.

18.     At approximately 3:25 p.m., the train traveling just behind Train 302 on the same route arrived at the L'Enfant Plaza station, encountered smoke, and stopped roughly 100 feet short of the southern end of the platform.

19.     At approximately 3:28 p.m., OUC dispatched a "Metro Station Box Alarm," which, in compliance with District of Columbia Fire and Emergency Medical Services

Department ("FEMS") protocol, included the following units: (a) 5 Engine Companies; (b) 2 Ladder Trucks; (c) 2 Battalion Fire Chiefs; (d) 1 Battalion Fire Chief to WMATA Operations Command Center ("OCC") in Landover, MD; (e) 1 Heavy Rescue Squad; (f) 1 Basic Life Support Unit; (g) 1 Advanced Life Support Unit; and (h) 1 EMS Supervisor.

20.     At approximately 3:31 p.m., the first FEMS responder arrived on-scene at the L'Enfant Plaza station.  From the beginning, their efforts were hampered by the fact that WMATA had not updated its signal-boosting and signal-relaying equipment to ensure compatibility with new FEMS standards.  Upon information and belief, FEMS had notified WMATA of this problem in the L'Enfant Plaza station at least as early as January 8, 2015.

21.     At approximately 3:33 p.m., OUC received the first of several 911 calls from frightened passengers on the smoke-filled Train.

22.     Not until approximately 3:44 p.m. does WMATA confirm to FEMS that electricity to the relevant sections of the third rail have been shut off in order to allow the FEMS crews to safely access the Train.

## COUNT I
### (Negligence)

23.     Paragraphs 1-22 are incorporated herein by reference.

24.     Plaintiff's further allege that at all times relevant herein, WMATA's trains, railroad operations, tunnels, tracks, and adjoining railroad tracks (the "subway property") were owned, controlled, operated, managed, constructed, maintained, repaired, designed, evaluated, built, overseen, patrolled, and supervised by WMATA.

25.     Plaintiff further alleges that on January 12, 2015, and prior thereto, Defendant WMATA was responsible for maintaining and ensuring the safe use and proper condition of the railroad operations and property, including locomotives, trains, signs, signal, switches, safety devices, communication devices, and other equipment at and along the subway property, and for

properly and safely managing, overseeing, and coordinating the travel of railroad trains upon and along said property.

26.      At all times mentioned herein, Defendant WMATA, as a common carrier, owed a duty of reasonable care to its passengers, including Ms. Taylor.

27.      Plaintiff further alleges that Defendant WMATA breached this duty in some or all of the following ways:

  a.  By failing to properly inspect and maintain the third rail running through the relevant section of tunnel;

  b.  By failing to properly inspect and maintain the ventilation system for the relevant section of tunnel;

  c.  By failing to properly train its agents, servants, and/or employees in the proper activation and use of the ventilation system in the event of a fire or smoke emergency;

  d.  By failing to calibrate its radio equipment to be compatible with that of FEMS despite having clear notice of its non-compliance;

  e.  By failing to equip its trains, specifically Train 302, with safety equipment adequate for emergencies of this nature;

  f.  By failing to move Train 302 to a safe location (e.g., back to the L'Enfant Plaza station) after it first encountered smoke in the tunnel;

  g.  By failing to in a timely manner shut off electricity to the third rail in the relevant section of tunnel;

  h.  By failing to in a timely manner shut off electricity to the third rail in the relevant section of tunnel;

  i.  By failing to in a timely manner inform FEMS that electricity had been shut off to the third rail in the relevant section of tunnel:

  j.  By failing to in a timely manner evacuate the Train if and when it was determined that the train could or would not be moved and its cars were filling with smoke; and/or

  k.  By otherwise negligently, carelessly, and wrongfully failing to take reasonable precautions to protect its passengers from injury and death.

28.     As a direct and proximate result of Defendant WMATA's negligence, Mr. Bell was caused to inhale the smoke and its contents, and suffered injuries and damages as set forth above without any contributory negligence on the part of the Plaintiff.

29.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff required extensive medical treatment.

30.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff has incurred substantial medical and therapeutic expenses, has incurred a substantial loss of wages, and has endured, extreme physical pain and mental anguish, and has, in the past, be unable to engage in his usual employment, social and other activities.

31.     The Plaintiff further alleges that all of the damages and losses, past, present and prospective, were caused by the negligence of the Defendant, without any negligence or want of due care on the part of the Plaintiff contributing thereto.

WHEREFORE, the Plaintiff, Jacqueline Bell, as the personal representative of the Estate of DeMarco Bruce Bell, Jr., demands judgment against the Defendant, WMATA, in the full amount of One Million Dollars ($1,000,000.00) plus costs, interest, and such other relief as the Court may deem appropriate.

Respectfully submitted,

ALLSTON & ASSOCIATES

Douglas K. Allston, Jr. (#485920)
7474 Greenway Center Drive
Suite 150
Greenbelt, MD 20770
*dallston@allstonlaw.com*
(301) 220-1341
Counsel for the Plaintiff

## IN THE SUPERIOUR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JACQUELINE BELL, as personal representative       :
of the Estate of DEMARCO BRUCE BELL, JR.
10407 Slocum Court                                :
Clinton, MD  20735
                                                  :
     Plaintiff,                            Case No.: 2018 CA 000193 B
                                                  :
v.
                                                  :

WASHINGTON METROPOLITAN AREA                      :
   TRANSIT AUTHORITY (a/k/a "WMATA")
600 Fifth Street, NW                              :
Washington, DC  20001
                                                  :
SERVE:       Patricia Lee, Esquire
          General Counsel's Office
          WMATA                                 :
          600 Fifth Street, NW
          Washington, DC  20001                 :

     Defendant.                            :

## REQUEST FOR JURY TRIAL

    Plaintiff, Jacqueline Bell, as the personal representative of the Estate of DeMarco Bruce

Bell, Jr., hereby requests a jury trial as to all issues.

                              Respectfully submitted,

                              ALLSTON & ASSOCIATES

                              Douglas K. Allston, Jr. (#485920)
                              7474 Greenway Center Drive
                              Suite 150
                              Greenbelt, MD  20770
                              *dallston@allstonlaw.com*
                              (301) 220-1341
                              Counsel for the Plaintiff